The opinion of the Court, (Tilghman, C. J. being absent,) was delivered by,
Duncan, J.
I consider the amount of the legacy bequeathed to Sarah Boileau or her children, as money which was to come to the hands of David Ruble the younger as a trustee, for the purposes declared by the testator in his last will and* codicil. By the will, after his whole estate is converted into money and collected, he directs it to be divided equally among his sons and daughters, his daughters shares not to be paid to them, but to their' children, and to be kept in his executors hands, and to be paid to the childern equally as they come of age. By the codicil he provides for the event which has happened, the separation of his daughter Sarah from her husband; and in the event directs, that if his daughter Sarah is divorced from, or forced to leave her husband, she shall enjoy and have the benefit of the portion of his estate that other *209 wise would have been coming to her children, and that this money be paid to her when she is either divorced from her husband, or voluntarily withdraws from him. I entirely agree with the Court of Common Pleas in the construction of this provision of the will, and whether she withdrew from him or he abandoned her, and left her, and her children destitute, she became entitled to the legacy for her sole and separate use, without the intervention and beyond the control of her husband; and in a court of equity, where property is settled to the separate use of a married woman, she is, as to the property, a feme sole.
This is much stronger than Jameson’s Executors v. Brady, and wife, 6 Serg. fy JRawle, 466.. There a bequest to a married woman for her own use, was held equivalent to a bequest for her separate use, and in an action by the husband and wife, for the legacy, a debt due by the husband to the' testator cannot be set off against it.
No man who reads this will can doubt, that this was intended by the testator as a separate provision for the wife, when the husband ceased to support her; for it would be a most unnatural construction to decide, that the testator’s daughter and her children,- the sole objects of his bounty, should be suffered to starve when deserted by the husband and the father, and the money be locked tip until each child came of age to receive his own share. No; the direction is, to pay it to her when she is separated from her husband. There is no intervention of trustees; but the husband would be considered a trustee for the wife; he could neither release nor assign this legacy. There has been some vacillation as to the right of a married woman to sue, or her liability to suit in the English courts. But if there' is any part of the law settled, and that can be said to be more clear than any other, it is, that an action does not lie by or against a feme covert, unless by the custom of Lpndon, except in cases of abjuration. 1 Pow. Cont. 75.
The relative situation and duties of husband and wife, they-being but.one person in law, this relation of domestic life which the public is interested to preserve, the character and condition which by law result from the state of marriage while it subsists, and the doctrine of considering a married woman in this respect as a feme sole, and leaving her in other respects subject to the consequences of being married, and entitled to the privileges of that state, would introduce all the confusion and uncertainty which would necessarily arise from so anomalous and mixed a character; for whether a wife if she committed a felony in the presence of her husband, would be liable to conviction; whether they could be witnesses for and against each other; whether they could sue and take each other in execution; these and many other questions will naturally occur, difficult to answer, and I cannot see how any power short of the legislature can change that which by the common law of the land is established as the course of iudicial pleading. A *210 class of married women are invested with a right of action, and liable to action. Feme sole traders, whose husbands are mariners or others going to sea, leaving their wives at shopkeeping, orto work for their livelihood. 1 Sm. L. 99.
Nor does necessity require the introduction of this new principle j for the action here might, according to the case cited from 6 Serg. §’ Ramie, be brought in the name of the husband and wife, and the husband could neither release or discontinue the action, Itmight, as in the case of an irregular assignment of a chose in action, be éntered for the use of the person having the beneficial interest, the wife;
,1 cannot go the length of deciding, that this action was properly brought but find great relief in being freed from the necessity and regret of reversing this honest judgment, on a mere matter of form. For this matter should have been pleaded in abatement, and is not assignable as error. In all these eases, advantage has been taken of this disability of the wife by plea in abatement, where the action could not be brought in the name of the husband alone. Perhaps, in the case of a common legacy to the wife, bequeathed during the coverture, the husband alone could bring the action, and perhaps in that case, on non assumpsit, the coverture of the plaintiff might be given in evidence. Of this I now give no opinion, but the reasoning of the C. Justice in Jameson’s Executors v. Brady and wife, goes far to show, that in a bequest for the use of the wife, the wife must be joined in the action, and the law is clear, that in all such eases, coverture only goes to abate the writ. This separate bequest to the wife, I would consider ás a chose in action of the wife, where it is clear, the wife must be joined to reduce it into possession. It was therefore absolutely necessary, that the wife should be a party to the present action. The defendant, by his plea in abatement, imputes to one of the plaintiffs a personal default, and personal disabilites must be pleaded in abatement. Com. tit. plead. 2. 90, lays it down as a general position, that coverture in a woman whether- plaintiff or defendant, must be pleaded in abatement. It was decided in Rapp v. Elliot, 2 Dall. 184, 2 Yeates, 185, that coverture of plaintiff is but a plea in abatement and requires an affidavit when pleaded of its truth, being but a dilatory plea. In all the recent cases, coverture has generally been pleaded in abatement, and Chitty, in his 2d. vol. 425, states it as a principle, that where the defence is that the husband ought to be joined in the action, coverture must be pleaded in abatement, and - not in bar. However, the court may. dissent from the Court of Common Pleas, that the desertion of the husband was sufficient not only morally but legally to dissolve the matrimonial tie, and from the opinion, that the wife might bring the action in her own name, still, as we are of opinion, that in the stage of the cause in which the objection was taken on the general issue, the coverture could not avail the defendant, and did not form an objection to the recovery of the plaintiff, the court will not, be. *211 eause the reason given was wrong, if the opinion itself was right, reverse the judgment. The opinion of the court was right, that the coverture did not stand in the way of the plaintiff’s recovery. There is an inconsistency in the counts, which a general verdict could not cure, and which may be taken advantage of, either on general demurrer, motion in arrest of judgment, or writ of error. For though the promises are laid as made by him, executor as aforesaid, yet it is for money had and received by him, executor as aforesaid, for the use of the plaintiff, since the testator’s death. Now the cause of action as to this count arose from the testator’s death. There was no default by the testator. He could not be in default in not paying over money he never received. The defendant was liable in his own right, and not in his representative character. The eounts were, therefore, inconsistent and could not be joined. This is a rule too well established to be now set aside. The judgment must be different: judgment de bonis propriis on the counts against the defendantin hisown right, de bonis testal oris onthe other. But the judgment here is entered on the second count, which is against the defendant in his own right. It therefore may be considered, that evidence was only given on that count, and that there was not any evidence given of money received by the testator in his life time. For where there is a general verdict, and a declaration consisting of different counts, some of which are inconsistent or bad in point'of law, and evidence only given on counts, that are consistent or good, the verdict may be taken and recorded on them;- and here the judgment by consent of the defendant’s counsel was entered on the second count, and this consent relieves any difficulty as to erroneous counts.
Judgment affirmed